UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARCIO RAMOS, individually and on behalf of all others similarly situated, | Civil Action No. 13-CV-8957 (RJS) |
| Plaintiffs, | **COMPLAINT** |
| - against - | |
| MORRIS PLATT, PALISADE CONSTRUCTION, LLC, PALISADE REALTY, LLC and "John Does 1-5" | |
| Defendants. | |

## CLASS ACTION COMPLAINT

Plaintiff Marcio Ramos, individually and on behalf of all others similarly situated as a class representative, by his attorney, alleges as follows:

### INTRODUCTION

1. This case is an action to remedy the failure of the defendants to pay plaintiff's overtime premium pay as required by the Fair Labor Standards Act (FLSA) 29 U.S.C. §201 et seq. and the New York Labor Law Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, diversity jurisdiction pursuant to 28 U.S.C. § 1332, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

3. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

**VENUE**

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391. A substantial part of the events or omissions giving rise to claims in this Class Action Complaint occurred within the Southern District.

**PARTIES**

6. Plaintiff Marcio Ramos is a natural person who resides in Queens County, New York.

7. At times during the six years prior to the filing of this complaint, Marcio Ramos was a "blue collar" worker employed by Palisade Construction, LLC.

8. The FLSA collective consists of all "blue collar" workers employed by Defendants at any time during the three year period prior to the filing of this complaint.

9. The Rule 23 Class consists of all "blue collar" workers employed by defendants at any time during the six year period prior to the filing of this complaint.

10. Defendant Palisade Construction, LLC is a limited liability corporation. The state of incorporation of Defendant Palisade Construction is unknown.

11. Defendant Palisade Construction maintains a principal place of business at 241 W. 37th St., 3rd Floor New York, NY 10018.

12. Upon information and belief, Defendant Palisade Construction supervised the plaintiffs, determined and exercised control over the hours worked, determined and exercised control over the rate of pay and wages paid to the plaintiffs, and maintained payroll records.

13. Defendant Palisade Realty, LLC is a New York Corporation.

14. Defendant Palisade Realty maintains a principal place of business at 241 W. 37th St., 3rd Floor New York, NY 10018.

15. Upon information and belief, Defendant Palisade Realty supervised the plaintiffs, determined and exercised control over the hours worked, determined and exercised control over the rate of pay and wages paid to the plaintiffs, and maintained payroll records.

16. Defendant Morris Platt is the President of Palisade Construction.

17. At all relevant times, Morris Platt acted on behalf of Palisade Construction, and *inter alia* supervised the plaintiffs, determined and exercised control over the hours worked, and determined and exercised control over the rate of pay and wages paid to the plaintiffs.

18. Defendant Morris Platt is the President of Palisade Realty.

19. At all relevant times, Morris Platt acted on behalf of Palisade Realty, and *inter alia* supervised the plaintiffs, determined and exercised control over the hours worked, and determined and exercised control over the rate of pay and wages paid to the plaintiffs.

20. Defendant "John Does 1-5" signed the plaintiff's payroll checks at times within the six-year period prior to the filing of this complaint.

21. Defendants "John Does 1-5" acted on behalf of Palisade Construction and determined and exercised control over the rate of pay and wages paid to the plaintiffs.

22. Defendants "John Does 1-5" acted on behalf of Palisade Realty and determined and exercised control over the rate of pay and wages paid to the plaintiffs.

## STATEMENT OF FACTS

23. The Defendants jointly employed a group of approximately 15 laborers ("blue collar" workers) to perform demolition, renovation, remodeling and construction of housing and commercial spaces in the City of New York.

24. Throughout the relevant period, it has been the policy of defendants to deprive the plaintiff and others similarly situated of earned wages.

25. In order to avoid paying their workers premiums for hours worked in excess of 40 in a workweek, the defendants have paid overtime at the regular rate of pay, rather than at the overtime rate.

26. Plaintiff and others similarly situated regularly worked in excess of 40 hours per week.

27. In addition, in order to avoid paying the Plaintiffs for fair wages earned, the defendants engaged in the uniform practice of rounding down the hours paid to the nearest whole hour (shaving), resulting in the deprivation of workers of their fair and just compensation.

28. By the conduct described in this Complaint, Defendants have violated the Fair Labor Standards Act ("FLSA"), as well as New York's wage and hour laws, by failing to pay their employees, including Plaintiffs, proper overtime wages as required by law. These violations arose out of Defendant's uniform company-wide policies and its pattern or practice of violating wage and hour laws.

29. Plaintiff brings the *first cause of action* on behalf of himself and similarly situated current and former employees of Defendants who elect to opt-in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the overtime wage provisions of the FLSA.

30. Plaintiff brings the *second, third, and fourth causes* of action on behalf of himself and all similarly situated current individuals under Federal Rule of Civil Procedure 23 to remedy

violations of the New York Labor Law ("NYLL") Article 19, §§ 650 et seq., and the supporting New York State Department of Labor regulations.

## CLASS ACTION ALLEGATIONS

### *The New York Class*

31. Mr. Ramos brings the Second Cause of Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and a class consisting of all laborers who have worked for Defendants at any time during the six year period prior to the filing of this complaint (the "New York Class").

32. Excluded from the New York Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants, and all persons who will submit timely and otherwise proper requests for exclusion from the New York Class.

33. The persons in the New York Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is not known to Plaintiffs, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

34. Upon information and belief, although the defendants maintained a labor force of approximately 15 individuals, turnover was extremely high. Due to turnover, the size of the New York Class is estimated to be 75-100 workers.

35. Defendants acted or refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the New York Class as a whole.

36. The Second Cause of Action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3). There are questions of law and fact common to the New York Class that predominate over any questions solely affecting individual members of the New York Class, including but not limited to:

   a. whether Defendants failed to keep true and accurate time records for all hours worked by the Plaintiff and the New York Class;

   b. whether Defendants failed and/or refused to pay the plaintiff and the New York Class overtime pay for hours worked in excess of 40 hours per workweek within the meaning of NYLL Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

   c. whether the Defendants engaged in the uniform practice of rounding down the hours paid to the nearest whole hour worked ("shaving");

   d. whether the Defendants complied with the wage notice provisions of the Wage Theft Prevention Act;

   e. whether the Defendants complied with the wage statement provisions of the New York Labor Law;

   f. whether Defendants' policies of "shaving" and failure to pay overtime at the overtime rate were engaged in willfully or with reckless disregard of the statute.

37. Upon information and belief, the damages sustained by each member of the New York class can be determined by an analysis of the class members' payroll records and employee file, as well as representative testimony. No special proof as to individualized damages is required.

38. The claims of the Plaintiff are typical of the claims of the New York Class he seeks to represent. The Plaintiff and the New York Class Members work or have worked for Defendants and have been subjected to their policy and pattern or practice of failing to pay overtime wages for hours worked in excess of 40 hours per week, and "shaving."  The plaintiff and the New York class members have been subject to the defendants' policy and pattern or practice of failing to provide wage statements and wage notices that comply with the Wage Theft Prevention Act.  Defendants acted and refused to act on grounds generally applicable to the New York Class, thereby making declaratory relief with respect to the New York Class appropriate.

39. The Plaintiff will fairly and adequately represent and protect the interests of the New York Class. The Plaintiff understands that, as class representative, he assumes a fiduciary responsibility to the New York Class to represent its interests fairly and adequately. The Plaintiff recognizes that as class representative, he must represent and consider the interests of the New York Class just as he would represent and consider his own interests. The Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interest over those of the New York Class. The Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the New York Class. The Plaintiff understands that in order to provide adequate representation, he must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in his possession, and testify, if required, in a deposition and in trial.

40. The Plaintiff has retained counsel competent and experienced in complex class action employment litigation.

41.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court. The members of the New York Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the New York Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

### *Collective Action Allegations*

42.     Plaintiff brings the FLSA claims, the First Cause of Action, on behalf of himself and all similarly situated persons who have worked for Defendants for the three year period prior to the filing of the complaint and who opt-in to this action (the "FLSA Collective").

43.     Defendants Palisade Construction, Palisade Realty, Morris Platt and "John Does 1-5" as Joint Employers are liable under the FLSA for, inter alia, failing to properly compensate Plaintiffs and the FLSA Collective. The FLSA claims in this lawsuit should be adjudicated as a collective action. Upon information and belief, there are many similarly situated current and former employees of Defendant who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## WILFULLNESS ALLEGATIONS

44. All of the work that Plaintiff, the New York Class Members, and the FLSA Collective Members (collectively "Class Members") have performed has been assigned by Defendants and/or Defendants have been aware of all of the work that Plaintiff and the Class Members have performed.

45. Upon information and belief, it has been Defendant's uniform policy and pattern or practice to pay overtime at the regular rate of pay, and to "shave" the hours of the plaintiff and Class Members in violation of the provisions of the FLSA and state wage and hour laws.

46. As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and state wage and hour laws. This policy and pattern or practice includes but is not limited to:

   (a) willfully failing to pay their employees, including Plaintiffs and the Class Members, overtime wages for hours that they worked in excess of 40 hours per week, and instead paying overtime at the "regular rate";

   (b) intentionally rounding down the hours paid to the nearest hour ("shaving.");

   (c) willfully failing to provide wage notices as required by section 195 of the New York Labor Law; and

   (d) wilfully failing to provide wage statements that comply with section 195 of the New York Labor Law.

47. Upon information and belief, Defendants were or should have been aware that state and federal law required them to pay employees an overtime premium for hours worked in excess of 40 per week.

9

48. The defendants paid overtime hours at the regular rate with the intent to evade state and federal wage laws.

49. The defendants' unlawful conduct described in this complaint was arbitrary, unreasonable and in bad faith.

50. The defendants' unlawful conduct has been widespread, repeated, and consistent.

## INDIVIDUAL FACTUAL ALLEGATIONS

51. Mr. Ramos worked for Defendants at times during the past six years.

52. Mr. Ramos was a "blue collar" worker.

53. Mr. Ramos' primary duties included demolition, framing, carpentry, sheetrock, and painting.

54. Mr. Ramos regularly worked more than 40 hours per workweek.

55. Mr. Ramos regularly worked fractions of an hour past the hour.

56. Pursuant to the defendants' uniform practice, Mr. Ramos was not paid the overtime premium for hours he worked in excess of 40 hours per week, and instead was compensated, by separate check, at his regular rate of pay.

57. Pursuant to the defendants' uniform practice, Ramos' hours were "shaved" by rounding down to the nearest whole hour.

58. Pursuant to the defendants' uniform practice, Mr. Ramos was issued wage statements that did not comply with section 195 of the New York Labor Law.

59. Pursuant to the defendants' uniform practice, Mr. Ramos never received the wage notice required by the New York Wage Theft Prevention Act (NYLL §195).

*Pursuant to the Second Circuit's heightened pleading standards set forth in Lundy, Nakahata & Dejesus, plaintiff provides the following specific examples of workweeks wherein he was not properly compensated for overtime hours in violation of the FLSA*

60. For the week ending October 29, 2013, Mr. Ramos worked 42 hours. He was paid $18 an hour for all hours worked.

61. For the week ending August 28, 2012, Mr. Ramos worked 45 hours. He was paid $18 an hour for all hours worked.

62. For the week ending October 20, 2009, Mr. Ramos worked 51 hours. He was paid $18 an hour for all hours worked.

63. For the week ending October 13, 2009, Mr. Ramos worked 56 hours. He was paid $18 an hour for all hours worked

64. For the week ending January 27, 2009, Mr. Ramos worked 48 hours. He was paid $18 an hour for all hours worked.

## FIRST CAUSE OF ACTION

**AGAINST ALL DEFENDANTS AS JOINT EMPLOYERS**

**Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.**

**On behalf of Plaintiff and the FLSA Collective**

65. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

66. Defendants engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Class Action Complaint.

67. At all times relevant, Plaintiffs and the members of the FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

68. The overtime wage provisions set forth in the FLSA apply to Defendant and protect Plaintiffs and the FLSA Collective.

69. Defendants were each an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

70. Defendants' employees handled, sold and otherwise worked on goods or materials that have been moved in or produced for commerce by any person, and defendant has at least $500,000 of annual gross volume of sales made.

71. At all times relevant, Plaintiff and the members of the FLSA Collective were or have been employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

72. The defendants employed the FLSA Collective as employers.

73. Defendants failed to pay Plaintiff and the members of the FLSA Collective the overtime wages to which they are entitled under the FLSA.

74. Defendants failed to keep accurate records of time worked by Plaintiff and the members of the FLSA Collective.

75. Defendants' violations of the FLSA, as described in this Class Action Complaint, have been willful and intentional.

76. Defendants did not make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff and the members of the FLSA Collective.

77. Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

78. As a result of Defendant's violations of the FLSA, Plaintiff and the members of the FLSA Collective have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, including the employer's share of FICA, FUTA, state unemployment insurance and any other required employment taxes, and liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 et seq.

## SECOND CAUSE OF ACTION

**AGAINST ALL DEFENDANTS AS JOINT EMPLOYERS**

**New York Labor Law Article 19, §§ 650 et seq., and the supporting**

**New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142**

**On behalf of the New York Plaintiffs and the New York Class Members.[1]**

79. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

80. Defendants engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Class Action Complaint.

81. At all times relevant the Plaintiff and the members of the New York Class have been employees and Defendants have been joint employers within the meaning of the NYLL.

82. The Plaintiff and the members of the New York Class are covered by the NYLL.

83. Defendants failed to pay the Plaintiff and the New York Class Members overtime wages to which they are entitled under NYLL Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142.

---

[1] Plaintiffs intend on availing themselves of the enforcement provisions of New York Business Corporation Law §630(a) in the event that an eventual judgment against the defendant Corporations is unsatisfied.

13

84.     Defendants failed to pay Plaintiff and the New York Class Members for overtime at a wage rate of one and one-half times their regular rate of pay.

85.     Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiffs and the Class Members.

86.     Defendants' violations of the NYLL, as described in this Class Action Complaint, have been willful and intentional.

87.     Due to Defendants' violations of the NYLL, the Plaintiff and the New York Class Members are entitled to recover from Defendants their unpaid overtime wages and liquidated damages, including the employer's share of FICA, FUTA, state unemployment insurance and any other required employment taxes, and reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION

### AGAINST ALL DEFENDANTS AS JOINT EMPLOYERS

### Wage Theft Prevention Act Wage Statement Violations

### (New York Labor Law §§ 195 & 198)

88.     Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth herein.

89.     New York Labor Law §195, subdivision three, requires an employer to furnish to each employee "a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any,

claimed as part of the minimum wage; and net wages. For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked."

90. The defendants failed in many instances to provide an adequate statement as required by New York Labor Law § 195(3), in that the wage statements, *inter alia* failed to provide the employer's telephone number and the employee's hourly rate of pay."

91. Due to Defendants' violations of the NYLL §195(3), Plaintiff and each member of the New York Class is entitled to recover from Defendants damages of One Hundred Dollars ($100.00) for each work week that the violation occurred or continue to occur, up to two thousand five hundred dollars ($2,500.00) per employee together with costs and reasonable attorney's fees.  NYLL §198(1)(d).

## FOURTH CAUSE OF ACTION

### AGAINST ALL DEFENDANTS AS JOINT EMPLOYERS

### Wage Theft Prevention Act <u>Wage Notice</u> Violations

### (New York Labor Law §§ 195 & 198)

92. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth herein.

93. New York Labor Law §195(1)(a), requires an employer to furnish to each employee "a notice containing the following information: the rate or rates of pay and basis

15

thereof…in writing in English and in the language identified by each employee as the primary language of such employee."

94. The defendants failed to provide the notice required by New York Labor Law § 195(1)(a) to Plaintiff and New York Class Members.

95. Due to Defendants' violations of NYLL §195(1)(a), the Plaintiff and each New York Class Member is entitled to recover from Defendant damages of Fifty Dollars ($50.00) for each work week that the violation occurred or continue to occur, up to two thousand five hundred dollars ($2,500.00) per employee, together with costs and reasonable attorney's fees. NYLL §198(1)(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief:

a. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action,

b. Unpaid overtime wages;

c. An additional and equal amount as liquidated damages under the FLSA;

d. Certification of the state law claims in this action as class actions ;

e. Designation of the Plaintiff as Class Representative;

f. A declaratory judgment that the practices complained of herein are unlawful under appropriate state law;

g. Appropriate equitable and injunctive relief to remedy Defendants' violations, including but not necessarily limited to an order enjoining Defendants from continuing their unlawful practices;

    h.  Statutory damages under New York law for the wage statement and wage notice violations as alleged herein,

    i.  An award of liquidated damages under state law;

    j.  Restitution;

    k.  Pre-Judgment and Post-Judgment interest, as provided by law;

    l.  Attorneys' fees and costs of suit, including expert fees; and

    m.  Such other injunctive and equitable relief as the Court may deem just and proper.

Dated: Glen Cove, New York
       December 4, 2013

                      Respectfully submitted,
                      STEVEN J. MOSER, P.C.

                      /s/
                      BY: Steven John Moser
                      1 School Street, Suite 303
                      Glen Cove, NY  11542
                      (516) 671-1150
                      (800) 597-6958
                      F (516) 882-5420
                      sjm@stevenjmoser.com
                      *Attorneys for Plaintiffs*