USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/23/2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MARCIO RAMOS, individually and on behalf of :
all others similarly situated, :
 :
                              Plaintiff, :   1:13-CV-8957-GHW
 :
      -against- :   MEMORANDUM OPINION
 :             AND ORDER
MORRIS PLATT, PALISADE :
CONSTRUCTION, LLC, and PALISADE :
REALTY, LLC, :
 :
                             Defendants.:
-----------------------------------------------------------X

GREGORY H. WOODS, District Judge:

Plaintiff Marcio Ramos brings this lawsuit on behalf of himself and other similarly situated employees of Morris Platt, Palisade Construction, LLC, and Palisade Realty, LLC (collectively, the "Defendants") alleging that they violated provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the New York Labor Law ("NYLL"), N.Y. Lab. Law § 650 *et seq.*, and related New York state regulations. Before the Court is Ramos's motion for conditional certification of an opt-in collective action class pursuant to 29 U.S.C. § 216 for his overtime claim under the FLSA. For the reasons that follow, the motion is granted in part and denied in part.

**I.    Background**

Ramos was employed as a laborer by the Defendants from May 2007 through late 2013. May 27, 2014 Declaration of Marcio Ramos, Dkt. No. 24-4 ("Ramos Decl. I"), ¶ 2. He was paid by Palisade Construction, LLC, Palisade Realty, LLC, and other corporations. Ramos Decl. I ¶ 5. There were about 8 to 15 employees who worked for Defendants at any given time, doing demolition, renovation, construction, and remodeling work. *Id.* ¶¶ 3, 7-8.

Ramos alleges that he and other laborers regularly worked more than 40 hours a week but that Defendants failed to pay him and other employees overtime premiums for those hours. Compl.

¶¶ 24-26; Ramos Decl. I ¶ 11.  Two paystubs submitted by Ramos appear to show that he was paid the same rate of $18 per hour for all hours worked, including those over 40 hours per week.  *Id.* ¶ 12; Dkt. No. 24-5.  Ramos further alleges that Defendants failed to accurately record actual hours worked, and hours were rounded down by management, resulting in further failures to compensate Ramos and other employees for all overtime worked.  Compl. ¶ 27; Ramos Decl. I ¶ 10.  In 2012, Ramos complained to defendant Platt's son-in-law about not being properly paid for overtime, to which the son-in-law replied that Platt does not pay for overtime.  Ramos Decl. I ¶ 13.  Other laborers, which Ramos has identified by name, apparently also complained "throughout the years" about the failure to pay overtime.  *Id.* ¶ 14; May 30, 2014 Declaration of Marcio Ramos, Dkt. No. 28 ("Ramos Decl. II"), ¶ 6.  Finally, Ramos states that Defendants "never posted any notices at worksites that I have worked at describing workers' rights to minimum wages or overtime."  Ramos Decl. I ¶ 8.

   Ramos moves to conditionally certify a collective action in order to receive certain information from Defendants about the identities of its former and current employees and to send notice of this suit to those potential opt-in plaintiffs.  He seeks to provide notice to potential plaintiffs employed by Defendants within six years prior to the filing of the complaint because of Defendants' alleged failure to post the required notices under 29 C.F.R. § 516.4.  Defendants oppose the motion, arguing primarily that Ramos has filed this motion prematurely and therefore there are not sufficient facts beyond hearsay to support the relief Ramos seeks.  Def. Br. at 2-3, 5-8.  Defendants also argue that Ramos was uniquely situated amongst Defendants' employees because he was paid on a different structure due to problems with overstating his hours and working slowly to accrue more hours.  *Id.* at 7; Declaration of Morris Platt, Dkt. No. 33 ("Platt Decl."), ¶¶ 3-5.  Defendants further argue that a six-year notice period is inappropriate because Ramos has admitted he and other employees were aware that they were entitled to overtime and because Defendants did

post the requisite notices in their corporate headquarters.  Def. Br. at 8-11; Declaration of Mordechai Koppel, Dkt. No. 32 ("Koppel Decl."), ¶ 4.

## II.  Discussion

### A.  Certification of a Collective Action

The FLSA provides that an action for unlawful employment practices may be brought "by any one or more employees for and on behalf of himself or themselves and other employees similarly situated."  28 U.S.C. § 216(b).  Unlike class actions, FLSA collective actions need not satisfy the requirements of Fed. R. Civ. P. 23, and only plaintiffs who "opt in" by filing consents to join the action are bound by the judgment.  *Mendoza v. Ashiya Sushi 5, Inc.*, No. 12 Civ. 8629 (KPF), 2013 WL 5211839, at *2 (S.D.N.Y. Sept. 16, 2013).  District courts have "'discretion, in appropriate cases, to implement [§ 216(b)] . . . by facilitating notice to potential plaintiffs' of the pendency of the action and of their opportunity to opt-in as represented plaintiffs."  *Myers v. Hertz Corp.*, 624 F.3d 537, 554-55 (2d Cir. 2010) (quoting *Hoffman–La Roche Inc. v. Sperling,* 493 U.S. 165, 169 (1989) (alteration in original)).

The Second Circuit has approved a two-step method to certify FLSA collective actions.  *Myers,* 624 F.3d at 555.  "The first step involves the court making an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred."  *Id.*  Courts may approve sending notice if "plaintiffs make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'"  *Id.* (quoting *Hoffman v. Sbarro, Inc.,* 982 F. Supp. 249, 261 (S.D.N.Y. 1997) (Sotomayor, J.)).  Although "unsupported assertions" are not sufficient, the factual showing required "should remain a low standard of proof because the purpose of this first stage is merely to determine *whether* 'similarly situated' plaintiffs do in fact exist."  *Id.*; *see*

*also Damassia v. Duane Reade, Inc.,* No. 04 Civ. 8819 (GEL), 2006 WL 2853971, at *3 (S.D.N.Y. Oct. 5, 2006) ("[A] plaintiff's burden at this preliminary stage is minimal." (quotations omitted)).

"This initial burden is limited, in part, because the determination that the parties are similarly situated is merely a preliminary one and may be modified or reversed" at the second stage of the inquiry. *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 369 (S.D.N.Y. 2007) (quotations omitted). This second stage occurs after notice is sent, the opt-in period ends, and discovery closes. *Mendoza*, 2013 WL 5211839, at *2. At this stage, the district court will have a "fuller record" and can then "determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Myers,* 624 F.3d at 555.

The Court concludes that Ramos has met his burden to conditionally certify a collective action. As an initial matter, contrary to Defendants' arguments, conditional certification may be granted on the basis of the complaint and the plaintiff's own affidavits. "Indeed, courts in this circuit have routinely granted conditional collective certification based solely on the personal observations of one plaintiff's affidavit." *Hernandez v. Bare Burger Dio Inc.,* No. 12 Civ. 7794 (RWS), 2013 WL 3199292, at *3 (S.D.N.Y. June 25, 2013); *see also Hallissey v. Am. Online, Inc.,* No. 99 Civ. 3785 (KTD), 2008 WL 465112, at *1 (S.D.N.Y. Feb. 19, 2008) (modest factual showing can be made by "relying on [plaintiffs'] own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members"). This is so even though Ramos's declaration includes hearsay regarding other potential opt-in plaintiffs' overtime pay. In fact, "courts in this Circuit regularly rely on hearsay evidence to determine the propriety of sending a collective action notice" – an approach that is "consistent with the purpose of conditional certification which is only a preliminary determination as to whether there is a sufficient showing to warrant notice being sent to the

purported collective class to allow members to opt-in to the lawsuit." *Winfield v. Citibank, N.A.*, 843 F. Supp. 2d 397, 403 (S.D.N.Y. 2012) (alteration and quotations omitted).

The Court concludes that Ramos has made the modest factual showing required at this stage. Ramos's complaint and sworn declarations that describe his discussions with several coworkers that were also allegedly not paid overtime, along with the paystubs submitted, provide a factual basis to conclude that Ramos and his coworkers – including certain ones identified by name – were together affected by a policy to not pay a premium for overtime work. Defendants' arguments in opposition largely amount to merits contentions that are inappropriate at this stage. "At this procedural stage, the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Lynch*, 491 F. Supp. 2d at 368. The merits of the underlying claims or defenses should not be weighed at this stage, because the focus of the inquiry at this juncture is not whether there has been a violation of the law but whether similarly situated plaintiffs exist. *Id.* Thus, issues that Defendants contest, including but not limited to whether or not Ramos was told that Defendants did not pay overtime, *compare* Ramos Decl. I ¶ 13 *with* Koppel Decl. ¶ 6; precisely how the alleged violations may have occurred and been reflected in pay records, *compare* Ramos Decl. II ¶¶ 3-5 *with* Platt Decl. ¶ 7; and whether defendant Palisade Realty, LLC ever issued paychecks to plaintiff, *compare* Ramos Decl. I ¶ 5 *with* Koppel Decl. ¶ 12, are irrelevant to the instant motion.

Defendants' argument that "not a single potential class member referenced by Plaintiff has chosen to opt-in to the class," Def. Br. at 11, misses the point. Of course, this motion seeks to provide notice to potential plaintiffs so that they may choose to opt-in to this action. Further, Defendants' argument that Ramos "has provided no information" about his coworkers is also misplaced, given that Defendants do not deny that the employees identified in the Ramos Decl. II ¶ 6 worked for them and in fact admit that between 15-30 employees *would* be members of the

proposed collective action notice class.  Koppel Decl. ¶ 9.  Although Ramos believes there are far more potential plaintiffs, Defendants' argument that Ramos is wrong is irrelevant given that – unlike Rule 23 – "the FLSA requires no showing of numerosity."  *Lynch,* 491 F. Supp. 2d at 369.

Finally, Defendants' argument that Ramos entered into unique employment arrangements with Defendants due to his history of inflating hours, *see* Platt Decl.  ¶¶ 4-5, is likewise a factual issue not appropriate for resolution at this stage.  "[F]actual variances that may exist between the plaintiff and the putative class do not defeat conditional class certification."  *Lynch,* 491 F. Supp. 2d at 369.  "If the fruits of full discovery reveal that plaintiffs are not, in fact, similarly situated to defendants' other employees" the collective action may be decertified or divided.  *Iglesias-Mendoza v. La Belle Farm, Inc.,* 239 F.R.D. 363, 369 (S.D.N.Y. 2007).

### B.  Statute of Limitations

The FLSA's statute of limitations is two years, except in cases of willful violations, which extend the statute of limitations to three years.  29 U.S.C. § 255(a).  However, Ramos makes two arguments as to why the Court should certify an opt-in collective action for six years prior to the filing of the complaint.

First, he argues that numerous courts in this Circuit have provided such notice on the basis that a plaintiff brought both FLSA and NYLL claims – the latter of which have a six-year statute of limitations.  Indeed, courts in this Circuit have approved both three- and six-year notice periods.  *See Trinidad v. Pret A Manger (USA) Ltd.*, 962 F. Supp. 2d 545, 563 (S.D.N.Y. 2013) (collecting cases).  Cases adopting six-year periods have been based on supposed "economy of providing notice to plaintiffs with FLSA claims who may also have NYLL claims subject to a six-year statute of limitations," while cases using three-year periods "have cited the confusion caused by notifying plaintiffs who potentially have two disparate claims with different statutes of limitations, along with the inefficiency of providing notice to plaintiffs whose claims may well be time-barred."  *Id.* at 564.

The Court finds the latter more persuasive, particularly where no motion for class certification of the NYLL claims is simultaneously pending.  Because the only purpose of permitting notice in these circumstances is to "notify and inform those eligible to opt in to the collective action," there is "no purpose" in sending notice to employees whose claims would be time-barred under the FLSA. *Lujan v. Cabana Mgmt., Inc.*, No. 10 Civ. 755 (ILG), 2011 WL 317984, at *9 (E.D.N.Y. Feb. 1, 2011). "The Court's discretion to facilitate notice of FLSA claims is premised on its case management authority; that authority is 'distinguishable in form and function from the solicitation of claims.'" *Trinidad*, 962 F. Supp. 2d at 564 (quoting *Hoffmann–La Roche,* 493 U.S. at 174).

Ramos makes a second argument, however – that notice should be provided for a longer period because the statute of limitations was equitably tolled by Defendants' alleged failure to post notices required by the FLSA pursuant to 29 C.F.R. § 516.4.  That regulation requires employers to "post and keep posted a notice explaining the Act . . . in conspicuous places in every establishment where such employees are employed so as to permit them to observe readily a copy." *Id.* Courts in this Circuit have recognized that failure to post may give rise to tolling. *See, e.g., Iglesias-Mendoza*, 239 F.R.D. at 369; *United States v. Sabhnani*, 566 F. Supp. 2d 139, 145-46 (E.D.N.Y. 2008), *affirmed in part and vacated in part by* 599 F.3d 215 (2d Cir. 2010).  Defendants argue that they met their posting obligation by displaying notices at their headquarters and have attached photographs to that effect. Koppel Decl. ¶ 4, Ex. A.  Whether these notices were sufficient to comply with the regulation would be an issue for a later day, but the problem with Ramos's argument is that the failure to post alone does not necessarily justify equitable tolling. *See, e.g., Upadhyay v. Sethi*, 848 F. Supp. 2d 439, 445 (S.D.N.Y. 2012) ("[S]uch a failure is not by itself sufficient to warrant equitable tolling; plaintiff must also show that she had not received notice of her rights through any other avenue."); *Lanzetta v. Florio's Enterprises, Inc.*, 763 F. Supp. 2d 615, 622-23 (S.D.N.Y. 2011) (failure to provide required notice "may be a sufficient basis for tolling, . . . but only if that failure contributed to the employee's

unawareness of his rights"); *Saunders v. City of New York*, 594 F. Supp. 2d 346, 363-64 (S.D.N.Y. 2008) ("If plaintiffs knew of the rights outlined on the required notice despite the failure to post, then equitable tolling is unavailable."). Equitable tolling remains an "extraordinary measure that applies only when plaintiff is prevented from filing despite exercising that level of diligence which could reasonably be expected in the circumstances." *Veltri v. Bldg. Serv. 32B–J Pension Fund,* 393 F.3d 318, 322 (2d Cir. 2004). Here, there is no allegation in the complaint or any evidence at all that Ramos or others were unaware of their rights under the FLSA. In fact, the only evidence or allegation on point runs precisely to the contrary, as Ramos's declaration states that in 2012 he *was* aware he was not being paid overtime he was owed and that "there were many complaints from co-workers throughout the years of failure to pay overtime." Ramos Decl. I ¶¶ 13-14. Further, the complaint specifically alleges that the FLSA collective action consists of those employed during the three-year period prior to the complaint's filing. Compl. ¶ 8. There is therefore not even a modest showing that Ramos or others were unaware of their rights. *See Lanzetta*, 763 F. Supp. 2d at 623 (declining to find tolling where "[t]here was no evidence that [plaintiff] . . . was unaware of the existence of her claims").

### III. Request for Disclosure and Notice

Defendants are ordered to produce by August 6, 2014 a list of data in computer-readable format that includes the names, last known mailing addresses, phone numbers, dates of birth, work locations, and dates of employment for all workers who performed demolition, renovation, remodeling, or construction work for any of the defendants at any time since December 17, 2010. *See, e.g., Shajan v. Barolo, Ltd.*, No. 10 Civ. 1385 (CM), 2010 WL 2218095, at *1 (S.D.N.Y. June 2, 2010).

The form of notice and its details are left to the broad discretion of this Court. *See Hoffmann-La Roche,* 493 U.S. at 170 ("We confirm the existence of the trial court's discretion, not the details of

its exercise."). Defendants have not objected to any particular part of the notice submitted by Ramos, Dkt. No. 24-1 (the "Notice"), and the Notice is similar to notices approved in other FLSA collective actions. The Court approves the Notice with the following modifications.

The Notice states that "[i]f you choose to join this case by filing a Plaintiff Consent Form, you will be agreeing to representation by Plaintiff's Counsel." Notice at 4. Plaintiff's counsel cannot bind potential opt-in plaintiffs in this way, and courts have rejected notices containing even less problematic language. *See, e.g.*, *Lujan*, 2011 WL 317984, at *10-*11 (finding phrase "you will be responsible for paying that attorney," which referred to plaintiff's counsel, to be misleading even where notice specified that plaintiffs had a right to consult with and retain other counsel); *Hallissey*, 2008 WL 465112, at *4 (rejecting instructions to send consents to sue to plaintiff's counsel because it could "discourage[e] [potential plaintiffs] from seeking outside counsel"); *Guzman v. VLM, Inc.*, No. 07-CV-1126 (JG), 2007 WL 2994278, at *7 (E.D.N.Y. Oct. 11, 2007) ("[E]ven if potential class members understand 'an attorney' to mean an attorney other than plaintiff's counsel, they may not understand that they have a right to have an outside attorney actually represent them, not merely advise them whether to join the class.").

The parties are therefore ordered to modify as follows the two paragraphs beginning "If you fit the definition above . . .," Notice at 2:

> If you fit the definition above, you may join this action by mailing the attached "Plaintiff Consent Form" to the Clerk of Court for the Southern District of New York at the following address: Clerk of Court, United States District Court for the Southern District of New York, 500 Pearl Street, Room 120, New York, NY 10007. The form must be received by the Clerk of Court on or before [*counsel should insert a date 60 days from the date of mailing*]. If you do not sign and send the consent form to the Clerk of Court, you will not be able to participate in this case.

The parties are further ordered to modify the consent form, Notice at 5, to remove the sentence "I appoint Steven J. Moser, P.C. to represent me." and change the "Mail or Fax to" information to the Clerk of Court at the address above.

The parties are further ordered to modify as follows the four paragraphs beginning "If you choose to join . . .," Notice at 4:

> Steven J. Moser, P.C. represents the plaintiffs in this case. That firm's contact information is: [*counsel should insert its correct contact information, including the correct fax number which appears to have an extra digit in the English-language proposed Notice*]. Mr. Moser and his staff speak Spanish. Avram E. Frisch, [*counsel should insert its correct contact information*], represents the defendants in this case. If you choose to join this case, you should not contact the defendants' lawyers directly yourself.
>
> The attorneys of Steven J. Moser, P.C. are being paid on a contingency fee and/or statutory basis, which means that if there is no recovery, there will be no attorneys' fees. If there is a recovery, the attorneys will receive a part of any settlement obtained or money judgment entered in favor of all members of the class. The specific terms and conditions of representation will be contained in a fee agreement entered into by the attorneys and you.
>
> You have a right to consult with another attorney, or to hire another attorney to represent you. If you do so, any fee arrangement would need to be worked out between you and that attorney. If you recover money from the defendants, the defendants may be required to pay your attorneys' fees, whether you hire Steven J. Moser, P.C., or another attorney.
>
> Further information about this Notice, the deadline for joining the lawsuit, or answers to other questions concerning this lawsuit may be obtained by contacting the plaintiffs' attorneys [*counsel may choose to repeat their contact information here or reference their earlier contact information*].

The parties must make these aforementioned modifications in the Spanish-language version of the Notice as well. With these modifications, the Notice is approved, and Ramos's counsel shall mail the Notice to potential opt-in plaintiffs no later than August 20, 2014. Defendants shall further post multiple copies of the Notice, along with the consent forms, for the duration of the 60-day opt-in period in a conspicuous location at every work site within their control where potential opt-in plaintiffs are presently employed. *See, e.g., Schear v. Food Scope Am., Inc.*, 297 F.R.D. 114, 130 (S.D.N.Y. 2014).

## IV.  Conclusion

Defendants are ordered to disclose the aforementioned information about its employees for the period beginning December 17, 2010, and the Notice to potential collective action members is

approved with the modifications as set forth above.  The Clerk of Court is directed to close the pending motion at Dkt. No. 23.

    SO ORDERED.

Dated:  July 23, 2014
New York, New York

                                          GREGORY H. WOODS
                                    United States District Judge